UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
VILIMAA TRAHAN,

                    Plaintiff,

        -against-                           ORDER
                                            12-CV-1027(JS)(ARL)


DEMARCO CASE TEAM, LIEUTENANT
BOLOGNIA, C.O. WILLIAM HOLBOROW,

                    Defendant.
------------------------------------X
APPEARANCES:
For Plaintiff:          Vilimaa Trahan, Pro Se
                        # 651405
                        Suffolk County Correctional Facility
                        110 Center Drive
                        Riverhead, NY 11706

For Defendants:         No Appearance

SEYBERT, District Judge:

        Before the Court is the Complaint of incarcerated pro se

plaintiff Vilimaa Trahan ("Plaintiff") filed pursuant to 42 U.S.C.

§ 1983 against the defendants, the "DeMarco Case Team"[1],

Lieutenant Bolognia ("Bolognia") and C.O. William Holborow

("Holborow"), accompanied by an application to proceed in forma

pauperis. Upon review of the Plaintiff's declaration in support of

his application, the Court finds that his financial status

qualifies him to proceed without prepayment of the filing fee.

---

[1] Although Plaintiff includes the "DeMarco Case Team" as a
Defendant in the caption of his Complaint, the Plaintiff
identifies the Defendants within the body of the Complaint as
Vincent DeMarco, Bolognia and Holborow. Accordingly, the Court
understands that the "DeMarco Case Team" refers to Sheriff
Vincent DeMarco and the Clerk of the Court is directed to so
amend the caption.

Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Plaintiff's Complaint is sua sponte dismissed with prejudice as against DeMarco pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii); 1915A(b). Plaintiff's claims against Defendants Bolognia and Holborow are also dismissed **unless Plaintiff files an Amended Complaint as set forth below within thirty (30) days from the date that he is served with this Order.**

## BACKGROUND

According to the Complaint, Plaintiff is currently incarcerated at Suffolk County Correctional Facility's Yaphank location. Compl. at ¶ IV. Plaintiff complains of four separate incidents, beginning on July 18, 2011.[2] Id. Plaintiff claims that he was "attacked and assaulted by Corr. Facility Officer Jeff Rosado ("Rosado")" on July 18, 2011 at 10:45 p.m. in North 3. Plaintiff describes that Rosado punched him, put him in a head lock and jumped on his back. Id.

On September 30, 2011, the water was allegedly "shut off on 3 Southwest cell block" at 3:00 p.m. and as a result Plaintiff spent a day "locked in 24 cell with no working water until October 1, 2011." Id. Plaintiff claims to have gotten "sick with stomach

_____

[2] The Court notes that the Complaint actually alleges that these events occurred on July 18, 2012. Given that the Complaint was filed on February 29, 2012, the Court understands that Plaintiff intended to allege 2011 as the year that the events allegedly occurred.

2

ulcers due to smelling urine and feces for 24 hours . . . with no working water." Id.

Plaintiff next alleges that he was "moved on November 30, 2011 from Pods to 4 (fourth) floor after agreement with Lt. Bolognia, and was assaulted in my sleep by unknown inmates then taken to Peconic Bay Hospital." Id.

Finally, Plaintiff claims that on February 9, 2012 at approximately 9:45 a.m., he was exercising in Yard 3 and slipped on "black ice" and fell on his back, hitting his head on the ground. Plaintiff claims to have been knocked unconscious and that the "wind was knoced [sic] out of [his] lungs." Plaintiff claims that he was injured because Sheriff DeMarco neglected "safety precautions" by allowing inmates to exercise in Yard 3 without first salting the ice so that it would melt. According to the Complaint, Plaintiff was taken on a stretcher by the jail's medical staff from the Yard to an ambulance where he was taken to Peconic Bay Hospital. Plaintiff describes that a cat scan was taken and he was examined by a doctor who prescribed Percocet for the "excruciating" pain in his back, neck, left leg and foot. The doctor is also alleged to have prescribed a course of weekly physical therapy that Plaintiff acknowledges he received at "Peconic Bay." Plaintiff also describes that he was given pain medication as needed at the jail. Id.

As a result of the foregoing, Plaintiff seeks to recover

three million dollars ($3 million) "[f]or my physical injurys [sic] . . . because I'm disabled unable to work. {Perform labor duties}." Compl. at ¶ V. Further, Plaintiff seeks to recover this sum as compensation for his alleged "mental anguish for being held longer on false alligations [sic] . . . I go to mental health to help me culp [sic] with being held longer away from my newborn daughter on false allegations." Id.

## DISCUSSION

### I.   In Forma Pauperis

Having reviewed Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is granted.

### II.   The Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se complaint liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III.  Section 1983

Section 1983 provides in relevant part that:

[e]very person who, under color of any
statute, ordinance, regulation, custom, or
usage, of any State . . . subjects, or causes
to be subjected, any citizen of the United
States . . . to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the
party injured. . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff

must "'allege that (1) the challenged conduct was attributable at

least in part to a person who was acting under color of state law

and (2) the conduct deprived the plaintiff of a right guaranteed

under the Constitution of the United States.'"  Rae v. Cnty. of

Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider

v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).  Section 1983 does not

create a substantive right; rather, to recover, a plaintiff must

establish the deprivation of a separate, federal right.  See Thomas

v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under

Section 1983 against an individual defendant, a plaintiff must

allege the personal involvement of the defendant in the alleged

constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d

Cir. 2010).  The Supreme Court held in Ashcroft v. Iqbal, 556 U.S.

662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that

"[b]ecause vicarious liability is inapplicable to . . . [section]

1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A. Claims Against Defendant DeMarco

As noted above, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation in order to state a plausible Section 1983 claim. Farid, 593 F.3d at 249. Here, Plaintiff alleges no personal involvement of DeMarco in any of the incidents described in the Complaint. Rather, Plaintiff stated only that "Sherif [sic] Demarco did not have any workers place salt down on top of ice to melt it away. . . ." Compl. at ¶ IV. Even if the Court were to liberally construe this allegation as sufficient to establish personal involvement, which it does not, Plaintiff's allegation against DeMarco fails for the additional reason that he does not alleged conduct or inaction by DeMarco such that Plaintiff's Constitutional rights are implicated. It is well-established that

a claim for relief under Section 1983 must allege that a "'person acting under color of state law deprived the claimant of a federal right.'" Houston v. Nassau County, No. 08-CV-0882 (JFB)(WDW), 2012 WL 729352, *5 (E.D.N.Y. Mar. 7, 2012) (quoting Green v. Maraio, 722, F.2d 1013, 1016 (2d Cir. 1983)). Here, liberally construed, Plaintiff appears to claim that DeMarco was grossly negligent in failing to maintain the exercise yard in a safe condition and when he allowed inmates to exercise there notwithstanding the alleged icy condition. This allegation is insufficient as a matter of law to plead a plausible Section 1983 claim against DeMarco. See, e.g., Benton v. Scully, No. 86-CV-3802 (CSH), 1990 WL 16092, at *2 (S.D.N.Y. Feb. 13, 1990) ("mere negligence will not give rise to Section 1983 liability") (citing Davidson v. Cannon, 474 U.S. 344, 347, 106 S. Ct. 88 L. Ed. 2d 677 (1986)) (additional citation omitted). Accordingly, Plaintiff's Section 1983 claim against DeMarco is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). Plaintiff may pursue any valid state law claims he may have against DeMarco in state court.

        B.    Claims Against Defendants Bolognia and Holborow

        Apart from the caption, the Plaintiff does not again mention Holborow and the only allegation against Bolognia is that Plaintiff was moved from the "Pods to [the] 4 (fourth) floor after agreement with Bolognia . . . ." (Compl. at ¶ IV). As the Complaint makes clear, there are simply no allegations concerning

8

the personal involvement of either of these defendants in any constitutional deprivation. Because a complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law, <u>Johnson</u>, 360 F. Appx. at 201, Plaintiff's Section 1983 claims against Bolognia and Holborow are implausible as plead and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) **unless Plaintiff files an Amended Complaint against Defendants Bolognia, Holborow or another individual involved in the events described in the Complaint that alleges a constitutional violation within thirty (30) days from the date that this Order is served upon him.** The Amended Complaint must be titled "Amended Complaint" and bear docket number 12-CV-1027 (JS)(ARL). **If plaintiff fails to file an amended complaint within the time allowed, the Complaint shall be dismissed and judgment shall enter.** If Plaintiff files an Amended Complaint, it shall be reviewed pursuant to 28 U.S.C. § 1915A.

### CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is granted, but the Complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) unless Plaintiff file an Amended Complaint in accordance with this Order within thirty (30) days from the date this Order is served upon him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

9

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT

Joanna Seybert, U.S.D.J.

Dated: March 19, 2012
Central Islip, New York