**FILED
CLERK**

9/28/2017 11:01 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VILIMAA TRAHAN,

        Plaintiff,

     -against-

LIEUTENANT BOLOGNIA, C.O. WILLIAM
HOLBOROW, and C.O. JEFF ROSADO,

        Defendants.
----------------------------------------------------------------X

**ORDER**
12-cv-1027 (JMA) (ARL)

**AZRACK, United States District Judge:**

    Incarcerated pro se plaintiff Vilimaa Trahan bring this civil rights actions pursuant to 42 U.S.C. § 1983 against three corrections officers, defendants Jeffrey Rosado, Robert Bologna, and William Holobrow.  Plaintiff's complaint concerns incidents that occurred on July 18, 2011, November 30, 2011, and February 19, 2012 while he was incarcerated at the Suffolk County Correctional Facility ("SCCF").  Defendants have moved for summary judgment concerning all three incidents, asserting that plaintiff did not file timely grievances concerning those incidents and, thus, failed to his exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e et seq.

    Plaintiff has a related case pending before this Court in which he brought § 1983 claims against different corrections officers concerning separate incidents that occurred on May 9, 2012, July 17, 2012, and August 18, 2012 at the SCCF.  (Trahan v. Capozzola, et. al, 12-cv-4353 (E.D.N.Y.) (hereinafter referred to as "Trahan II").)  The defendants in Trahan II also moved for summary judgment, contending that plaintiff failed to exhaust his administrative remedies.  The Court referred that motion to Magistrate Judge Arlene R. Lindsay for a report and

recommendation.  On June 26, 2017, Judge Lindsay issued a report and recommendation (the "R&R") in which she recommended denying summary judgment with respect to two of the incidents at issue and granting summary judgment as to the remaining incident.  Plaintiff objected to Judge Lindsay's recommendation that summary judgment should be granted with respect to that incident.  In an order dated September 27, 2017, the Court overruled plaintiff's objection and adopted the R&R in its entirety.

The R&R comprehensively set out the relevant law concerning summary judgment and exhaustion.  It is unnecessary to repeat it here.  The Court applies the same legal standards to plaintiff's claims in the instant suit.

As in Trahan II, defendants here assert that there is no documentary evidence to support plaintiff's claims that he filed grievances within five days of the incidents at issue.  Plaintiff, however, has offered sufficient proof in the form of his deposition testimony and his sworn "Notice of Motion in Opposition Pursuant to Rule 56" ("Plaintiff's Opposition") to create factual disputes on the question of whether he filed timely grievances concerning each of the three incidents.  (See Plaintiff's Opp'n at 4 (stating that he filed grievances on July 20, 2011, December 2, 2011, and February 22, 2012); Pl.'s Dep. 74 (stating that he filed grievance on July 22, 2011), id. at 95-86 (stating, without identifying a date, that he filed a grievance concerning the November 30, 2011 incident), id. at 123 (stating that he filed a grievance on February 23, 2012).  As the R&R explained, such sworn testimony is sufficient to defeat summary judgment.

Defendants also argue that plaintiff failed to exhaust available administrative remedies because he never filed any appeals when he received no responses to the grievances that he allegedly filed.  The R&R rejected the same argument in Trahan II, explaining that "the Court sees nothing in the governing regulations or handbook which addresses how to pursue

administrative remedies when a grievance is unfiled and unanswered."  (R&R at 10 (citing Williams v. Corr. Officer Priatno, 829 F.3d 118 (2d Cir. 2016)).  For the same reason, the Court rejects the identical argument here.

Accordingly, the Court denies defendants' motion for summary judgment concerning exhaustion as to all three incidents at issue in this suit.  The Court will schedule a hearing to resolve the exhaustion issues for the claims in this action and for the two remaining claims in Trahan II.

The Court notes that defendant Bologna has also moved for summary judgment concerning the November 30, 2011 incident on another ground, arguing that there is insufficient evidence that he knew of a substantial risk of harm to plaintiff and failed to take reasonable measures to prevent that harm.  The Court denies summary judgment on this issue without prejudice and will permit Bologna to renew this request if the Court finds that plaintiff did, in fact, file a timely grievance concerning the November 30, 2011 incident.

The Clerk of Court is directed to mail a copy of this order to the pro se plaintiff.

**SO ORDERED.**

Date:   September 28, 2017
        Central Islip, New York

                                             _____/s/ (JMA)_____
                                             Joan M. Azrack
                                             United States District Judge